IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **KENNETH MEEKS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| **BAYER CORPORATION, LUCINDA MAXWELL,** ) | Civil Action Number |
| **WAL-MART STORES, INC., WAL-MART STORES** ) | 02-C-0569-W |
| **EAST, INC.,; and WAL-MART STORES EAST, LP,** ) | |
| ) | |
| Defendants. ) | |

ENTERED
APR 3 0 2002

**MEMORANDUM OPINION ON REMAND**

In this case removed to this Court on grounds of diversity, to prove fraudulent joinder Defendants must carry the heavy burden of showing that there is no possibility that Plaintiff can prove a cause of action against the non-diverse Defendant Lucinda Maxwell.

Maxwell is the manager of the Defendants' Wal Mart store from which Plaintiff purchased the allegedly defective product. Plaintiff alleges that she is acquainted with Maxwell in their community; that Maxwell selected and recommended the product; that she relied on Maxwell's selection and recommendation because of Maxwell's superior knowledge and expertise; and that in reliance on Maxwell's recommendation, she purchased the defective product. Maxwell denies that she made any selection or recommendation to Plaintiff concerning the product; but for purposes of the fraudulent joinder issue, the Court will credit Plaintiff's version of the facts as incorporated in her affidavit.

On consideration of Plaintiff's affidavit in light of the allegations of the complaint, it cannot be reasonably concluded that under the laws of Alabama, there is no possibility that

13

Plaintiff can prove a fraud/misrepresentation cause of action against Maxwell.

Defendant has thus failed to prove fraudulent joinder. Therefore, the Motion to Remand is due to be granted. By separate order, it will be done.

Done this \_\_\_\_29th\_\_\_\_ day of April, 2002.

_____
Chief United States District Judge
U.W. Clemon